IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZACH JOHNSTON, and BARBIE JOHNSTON,<br><br>Plaintiffs,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE, INTERMOUNTAIN NORTH OGDEN CLINIC, MCKAY-DEE HOSPITAL, ASL COMMUNICATIONS, INSYNC INTERPRETERS, and ROES I-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:18-cv-00003-DN-DBP<br><br>District Judge David Nuffer |

Plaintiffs Zach and Barbie Johnston assert several claims against Defendant ASL Communications ("ASLC") arising from multiple hospital visits at which the Johnstons allegedly requested, but were denied or refused accommodation for their hearing-impaired status.[1] ASLC seeks summary judgment on the Johnstons' claims.[2]

Because the undisputed material facts demonstrate that ASLC did not own, lease, or operate a place of public accommodation, ASLC is entitled to summary judgment on the Johnstons' claims under the Americans with Disabilities Act ("ADA").[3] Additionally, because the Johnstons fail to present facts or evidence that ASLC ever denied or refused their requests for an American Sign Language interpreter, ASLC is entitled to summary judgment on the

---

[1] Second Amended Complaint ("Complaint") ¶¶ 21-107, docket no. 51, filed Nov. 28, 2018.

[2] ASL Communications' Motion for Summary Judgment ("Motion for Summary Judgment"), docket no. 54, filed Mar. 26, 2019.

[3] Complaint ¶¶ 49-57, 67-89.

Johnstons' claims under the Rehabilitation Act and the Patient Protection and Affordable Care Act ("ACA").[4] And because the Johnstons fail to present facts or evidence that ASLC owed them a duty of professional care or breached that duty, ASLC is entitled to summary judgment on the Johnstons' claim for professional negligence.[5] Therefore, ASLC's Motion for Summary Judgment[6] is GRANTED.

**Contents**

UNDISPUTED MATERIAL FACTS ........................................................................................... 3
DISCUSSION .................................................................................................................................. 4
    The Johnstons' ADA claims fail because ASLC did not own, lease, or operate a place of public accommodation ........................................................................................ 5
    The Johnstons' Rehabilitation Act and ACA claims fail because they did not any present facts or evidence that ASLC ever denied or refused their requests for an American Sign Language interpreter ................................................................. 8
    The Johnstons' professional negligence claim fails because they did not present any facts or evidence that ASLC owed them a duty of professional care or breached that duty ..................................................................................................................... 9
    ASLC is not entitled to an award of attorneys' fees under Utah Code Ann. § 78B-5-825 ..................................................................................................................................... 11
    ASLC is entitled to an award of attorneys' fees as the prevailing party on the Johnstons' ADA claims ........................................................................................... 12
ORDER ............................................................................................................................................ 14

---

[4] *Id*. ¶¶ 58-66, 90-102.

[5] *Id*. ¶¶ 103-107.

[6] Docket no. 51, filed Nov. 28, 2018.

2

## UNDISPUTED MATERIAL FACTS[7]

1. ASLC does not own, lease, or operate a "place of accommodation," as defined in 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.[8]

2. Neither of the Johnstons have ever made a request for services directly to ASLC.[9]

3. In each instance referenced in the Complaint where an interpreter was requested, but no interpreter showed up, the Johnstons' requests were made to a third party, not directly to ASLC.[10]

4. In each instance referenced in the Complaint where an interpreter was requested, but no interpreter showed up, the Johnstons do not know whether their request was conveyed to ASLC.[11]

5. According to Barbie Johnston, Intermountain Healthcare's ("IHC") is responsible for conveying requests for a live interpreter to ASLC.[12]

6. In instances where an interpreter allegedly failed to show up to a scheduled appointment, the Johnstons are unsure which interpreters cancelled appointments or whether those interpreters were associated with ASLC.[13]

7. Neither of the Johnstons have ever been to ASLC's offices.[14]

---

[7] The following Undisputed Material Facts are taken from the parties' briefing on ASLC's Motion for Summary Judgment. Motion for Summary Judgment ¶¶ 1-13 at 4-5; Amended Memorandum in Opposition to Motion for Summary Judgment ("Response") ¶¶ 1-6 at 5-6, docket no. 58, filed Apr. 26, 2019. Those facts, or portions thereof, identified in the parties' briefing that do not appear in these Undisputed Material Facts are either disputed; not supported by the evidence; not material; or are not facts, but rather, are characterization of facts or legal argument.

[8] Motion for Summary Judgment ¶ 1 at 4.

[9] *Id.* ¶ 2 at 4.

[10] *Id.* ¶ 3 at 4.

[11] *Id.* ¶ 4 at 4.

[12] *Id.* ¶ 5 at 4.

[13] *Id.* ¶ 6 at 5.

[14] *Id.* ¶ 7 at 5.

8. Neither of the Johnstons have ever visited ASLC's website.[15]

9. With the exception of a single telephone call made by Zach Johnston to complain about a specific interpreter (which had nothing to do with the Johnstons' claims in this case), neither of the Johnstons have ever called ASLC.[16]

10. Outside of having interpreters show up at appointments not related to the Johnstons' claims in this case, the Johnstons have had no interactions with ASLC.[17]

11. The Johnstons have never entered into any agreements with ASLC.[18]

12. The Johnstons are unaware of ASLC's policies and procedures.[19]

13. Besides interpreters allegedly failing to show up, the Johnstons have no complaints about the services provided by ASLC.[20]

14. ASLC has a contract with IHC to provide American Sign Language interpreters at IHC facilities.[21]

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue

---

[15] *Id*. ¶ 8 at 5.

[16] *Id*. ¶ 9 at 5.

[17] *Id*. ¶ 10 at 5.

[18] *Id*. ¶ 11 at 5.

[19] *Id*. ¶ 12 at 5.

[20] *Id*. ¶ 13 at 5.

[21] Response ¶ 1 at 5; ASL Communications' Reply in Support of Motion for Summary Judgment ("Reply") at 4, docket no. 59, filed May 6, 2019.

[22] FED. R. CIV. P. 56(a).

either way"[23] or "if a reasonable jury could return a verdict for the nonmoving party."[24] A fact is material if "it is essential to the proper disposition of [a] claim."[25] And in ruling on a motion for summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[26]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[27] The movant "need not negate the nonmovant's claim, but need only point out . . . that there is an absence of evidence to support the nonmoving party's case."[28] If the moving party carries this initial burden, the nonmoving party "may not rest upon mere allegations or denials of [the] pleading[s], but must set forth *specific facts* showing that there is a *genuine issue* for trial as to those dispositive matters for which it carries the burden of proof."[29] "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to defeat a properly supported motion for summary judgment."[30]

### The Johnstons' ADA claims fail because ASLC did not own, lease, or operate a place of public accommodation

The Johnstons assert four claims against ASLC for violation of the ADA: (1) excluding from participation in or denying the benefits of the services, programs, or activities of a public entity; (2) disparate treatment by reason of disability; (3) discriminatory policies, practices, and

---

[23] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[24] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[25] *Adler*, 144 F.3d at 670.

[26] *Id.*

[27] *Id*. at 670-71.

[28] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations omitted).

[29] *Id.* (internal quotations and citations omitted; emphasis in original).

[30] *Id.* (internal quotations omitted).

procedures; and (4) discriminatory administrative methods.[31] However, the ADA expressly provides that its requirements and obligations apply only to "any person who owns, leases (or leases to), or operates a place of public accommodation."[32] And it is undisputed that ASLC does not own, lease, or operate a "place of accommodation," as defined by the ADA.[33] The Johnstons nevertheless argue that because the ADA applies to IHC, and because ASLC has an exclusive contract with IHC to provide American Sign Language interpreters at IHC's facilities, the ADA must apply to ASLC.[34] The Johnstons' argument fails for several reasons.

First, the Johnstons argument is premised on a misreading of the ADA. The ADA contains provisions that prohibit various discriminatory activities "directly, or through contractual, licensing, or other arrangements."[35] But contrary to the Johnstons' interpretation, these references to contractual arraignments do not alter or expand the class of persons to which the ADA's requirements and obligations apply. Rather, "[t]hose clauses make clear . . . that their prohibitions cannot be avoided by means of contract[.]"[36] The ADA's requirements and obligations apply only to the person who owns, leases (or leases to), or operates a place of public accommodation.[37]

Second, the Johnstons present no facts or evidence showing that the ADA's requirement and obligations apply to IHC. Nor do they present any evidence that ASLC's contract with IHC

---

[31] Complaint ¶¶ 49-57, 67-89.

[32] 42 U.S.C. § 12182(a); *see also* 28 C.F.R. § 36.201(a).

[33] Undisputed Material Facts, *supra*, ¶ 1.

[34] Response at 9-12, 13-15.

[35] 42 U.S.C. §§ 12182(b)(1)(A)(i)-(iii); *see also id.* § 12182(b)(1)(D).

[36] *PGA Tour, Inc. v. Martin*, 121 S.Ct. 1879, 1891 (2001).

[37] 42 U.S.C. § 12182(a); *see also* 28 C.F.R. § 36.201(a).

is an "exclusive contract" for the provision of American Sign Language interpreters at IHC facilities.

Finally, the Johnstons do not identify any language in ASLC's contract with IHC that suggests ASLC is an agent of IHC, or that it assumed IHC's obligations under the ADA regarding accommodations to the hearing impaired. Indeed, the contract expressly states otherwise:

> This Agreement does not constitute the hiring of [ASLC] or its Staff by [IHC]. This Agreement shall not be construed as a partnership. Neither [ASLC] nor [IHC] shall be liable for any obligation incurred by the other. It is the parties' intention that so far as shall be in conformity with the law, [ASLC] and its Staff shall be independent contractors and not [IHC]'s employees. In conformity therewith, [ASLC] shall retain sole and absolute discretion and judgment in the manner and means of providing Services to [IHC] at Facility. However, [ASLC] shall comply with all policies, rules, and regulations of [IHC] and Facility in connection with provision of the Services. All Services rendered by [ASLC] shall be rendered in a competent, efficient, and satisfactory manner and in strict accordance with the currently approved methods and practices in the field. [IHC] assumes professional and administrative responsibility for the Services rendered only to the extent that: 1) [IHC] is responsible for assuring itself that [ASLC] is qualified to render the Services; and 2) [ASLC] is satisfying all the obligations set forth in this Agreement.[38]

Because the undisputed material facts demonstrate that ASLC did not own, lease, or operate a place of public accommodation,[39] the ADA's requirements and obligations do not apply to ASLC.[40] Therefore, ASLC is entitled to summary judgment on the Johnstons' ADA claims.[41]

---

[38] Reply at Exhibit E Clinical Services Agreement.

[39] Undisputed Material Facts, *supra*, ¶ 1.

[40] 42 U.S.C. § 12182(a); *see also* 28 C.F.R. § 36.201(a).

[41] Complaint ¶¶ 49-57, 67-89.

### The Johnstons' Rehabilitation Act and ACA claims fail because they did not any present facts or evidence that ASLC ever denied or refused their requests for an American Sign Language interpreter

The Johnstons assert claims against ASLC under the Rehabilitation Act and the ACA.[42] Specifically, the Johnstons allege ASLC discriminated against them by refusing and denying the Johnstons' requests for American Sign Language interpreters.[43] However, the Johnstons fail to present facts or evidence to support their allegations.

It is undisputed that the Johnstons did not make a request for services directly to ASLC.[44] Rather, in each instance where an interpreter was requested and no interpreter showed up, the Johnstons' made their requests to a third party[45]—presumably, IHC. It is also undisputed that the Johnstons do not know whether their requests for interpreters were conveyed to ASLC.[46] And it is undisputed that in instances where an interpreter failed to show up to a scheduled appointment, the Johnstons are unsure which interpreters cancelled appointments or whether those interpreters were associated with ASLC.[47]

In the face of these undisputed facts, the Johnstons assert they had a good faith belief that IHC had a contract with ASLC and would convey their requests to ASLC.[48] The Johnstons argue that "in the eyes of contract law and the ADA," it is irrelevant whether IHC conveyed the

---

[42] *Id*. ¶¶ 58-66, 90-102.

[43] *Id*. ¶¶ 61-62, 94-95, 98.

[44] Undisputed Material Facts, *supra*, ¶ 2.

[45] *Id*. ¶ 3.

[46] *Id*. ¶ 4.

[47] *Id*. ¶ 6.

[48] Response at 12.

8

Johnstons' requests to ASLC.[49] And they maintain that because IHC is liable for failing to provide effective interpreters, ASLC is also liable.[50]

The Johnstons cite no legal authority to support their arguments. Nor do they—or can they—point to any language in ASLC's contract with IHC to support their arguments. The contract plainly states that ASLC is an independent contractor, and that it is not liable for any obligation incurred by IHC.[51] And regardless, the Johnstons present no facts or evidence showing that IHC is liable for refusing or denying their requests for interpreters. The allegations in the Johnstons' Complaint, alone, are insufficient to avoid summary judgment.[52]

Based on the undisputed material facts, and because the Johnstons fail to present facts or evidence that ASLC ever denied or refused the Johnstons' requests for an American Sign Language interpreter, ASLC is entitled to summary judgment on the Johnstons' Rehabilitation Act and ACA claims.[53]

### The Johnstons' professional negligence claim fails because they did not present any facts or evidence that ASLC owed them a duty of professional care or breached that duty

The Johnstons assert a claim for professional negligence against ASLC.[54] "[A] client may be injured if a professional fails to fulfill [its] responsibilities to [the client]."[55] A professional owes its clients a duty to meet the standard of competence and care possessed by professional

---

[49] *Id*. at 13, 16-17.

[50] *Id*.

[51] Reply at Exhibit E Clinical Services Agreement.

[52] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529.

[53] Complaint ¶¶ 58-66, 90-102.

[54] *Id*. ¶¶ 103-107.

[55] *Steiner Corp. v. Johnson & Higgins of California*, 996 P.2d 531, 532 (Utah 2000).

men and women in the locality, and is negligent when a breach of that duty causes injury to the client.[56]

The Johnstons argue that because ASLC has an exclusive contract with IHC to provide American Sign Language interpreters at IHC's facilities, ASLC was IHC's agent and owed the Johnstons a duty of professional care.[57] The Johnstons further argue that ASLC breached its duty of professional case when it failed to provide certified and qualified interpreters necessary for effective communication during their hospital visits.[58] However, the Johnstons fail to present facts or evidence to support their professional negligence claim.

The Johnstons fail to present evidence that ASLC's contract with IHC was an exclusive contract. The contract also plainly states that ASLC is an independent contractor and is not liable for any obligation incurred by IHC.[59] Additionally, it is undisputed that the Johnstons did not directly request services from ASLC,[60] and they do not know whether their requests for interpreters were conveyed to ASLC.[61] It is also undisputed that the Johnstons do not know whether the interpreters that cancelled appointments were associated with ASLC.[62] And it is undisputed that the Johnstons have no complaints about the services provided by ASLC, besides interpreters allegedly failing to show up to appointments.[63] Moreover, the Johnstons do not dispute that they had no interactions with ASLC in relation to the hospital visits that give rise to

---

[56] *Nauman v. Harold K. Beecher & Assocs.*, 467 P.2d 601, 615 (Utah 1970).

[57] Response at 17-19.

[58] *Id*.

[59] Reply at Exhibit E Clinical Services Agreement.

[60] Undisputed Material Facts, *supra*, ¶¶ 2-3.

[61] *Id*. ¶ 4.

[62] *Id*. ¶ 6.

[63] *Id*. ¶ 13.

their claims in this case.[64] And the Johnstons do not dispute that they have never been to ASLC's offices or visited ASLC's website,[65] or that they have never entered into any agreements with ASLC.[66]

Based on the undisputed material facts, the Johnstons were not clients of ASLC. The Johnstons fail to present facts or evidence that ASLC owed the Johnston's a duty of professional care. And the Johnstons fail to present facts or evidence that ASLC breached any duty of care in relation to the Johnstons' hospital visits. Therefore, ASLC is entitled to summary judgment on the Johnstons' professional negligence claim.[67]

## ASLC is not entitled to an award of attorneys' fees under Utah Code Ann. § 78B-5-825

ASLC requests an award of attorneys' fees under Utah Code Ann. § 78B-5-825,[68] which provides: "[T]he court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action [i]s without merit and not brought or asserted in good faith."[69] "A case that is 'without merit' 'border[s] on frivolity,' having 'little weight or importance' and 'no basis in law or fact.'"[70] A case is "not brought or asserted in good faith" if:

> (i) [t]he party lacked an honest belief in the propriety of the activities in question;
> (ii) the party intended to take unconscionable advantage of others; or
> (iii) the party intended to or acted with the knowledge that the activities in question would hinder, delay, or defraud others.[71]

---

[64] *Id*. ¶¶ 9-10.

[65] *Id*. ¶¶ 7-8.

[66] *Id*. ¶ 11.

[67] Complaint ¶¶ 103-107.

[68] Motion for Summary Judgment at 13-16.

[69] Utah Code Ann. 78B-5-825(1).

[70] *Home Abstract & Title Co., Inc. v. Am. Pension Servs., Inc.*, 282 P.3d 1015, 1018 (Utah Ct. App. 2012) (quoting *Cady v. Johnson*, 671 P.2d 149, 151 (Utah 1983)) (alteration in original).

[71] *Id*. (quoting *Valcarce v. Fitzgerald*, 961 P.2d 305, 316 (Utah 1998)).

ASLC is entitled to summary judgment on each of the Johnstons' claims.[72] This is primarily due to the Johnstons' misreading of the ADA,[73] and their misplaced reliance on ASLC's contract with IHC.[74] But it is also because the Johnstons failed to produce any facts or evidence to withstand summary judgment. Therefore, the Johnstons' claims against ASLC are "without merit" for purposes of Utah Code Ann. § 78B-5-825.

However, the record does not support a finding that the Johnstons claims against ASLC were "not brought or asserted in good faith." Rather, the Johnstons were aware of a contractual relationship between ASLC and IHC.[75] This contractual relationship was the basis for the Johnstons' belief in the propriety of their claims against ASLC. Nothing in the record suggests that the Johnstons intended to take unconscionable advantage of ASLC, or hinder, delay, or defraud ASLC. Therefore, ASLC is not entitled to an award of attorneys' fees under Utah Code Ann. § 78B-5-825.

### ASLC is entitled to an award of attorneys' fees as the prevailing party on the Johnstons' ADA claims

ASLC also requests an award of attorneys' fees under the ADA.[76] The ADA and its corresponding regulations provide that "[i]n any action . . . commenced pursuant to [the ADA], the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."[77] The Tenth Circuit Court of Appeal has recognized that a prevailing defendant "should ordinarily only recover attorney's fees [under the

---

[72] Discussion, *supra*, at 5-10.

[73] *Id*. at 5-6.

[74] *Id*. at 6-10.

[75] Undisputed Material Facts, *supra*, ¶ 14.

[76] Motion for Summary Judgment at 16-17.

[77] 42 U.S.C. § 12205; 28 C.F.R. § 36.505

12

ADA] if . . . the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[78] This standard "is met when a party utterly fails to produce *any* evidence in support of material issues necessary to withstand summary judgment."[79]

ASLC is the prevailing party on the Johnstons' ADA claims. It is undisputed that ASLC does not own, lease, or operate a "place of accommodation,"[80] and therefore, cannot be liable under the ADA. Though ASLC contracted with IHC to provide American Sign Language interpreters at IHC facilities,[81] the Johnstons presented no evidence that the ADA's requirements and obligations apply to IHC. And even if they had, ASLC's contract with IHC plainly states that ASLC is an independent contractor—not IHC's agent—and that it is not liable for any obligation incurred by IHC.[82] The undisputed facts also show that the Johnstons never directly requested services from ASLC, and that they are unaware of whether their requests were conveyed to ASLC or whether the interpreters that cancelled appointments were associated with ASLC.[83] The Johnstons failed to produce any facts or evidence to support their ADA claims against ASLC. Therefore, under the circumstances, it is appropriate that ASLC be awarded its reasonable attorneys' fees incurred in defending against the Johnstons' ADA claims.

---

[78] *Twilley v. Integris Baptist Med. Ctr., Inc.*, 16 Fed. App'x 923, 925-26 (10th Cir. 2001) (internal quotations omitted).

[79] *Id*. at 926 (emphasis in original).

[80] Undisputed Material Facts, *supra*, ¶ 1.

[81] *Id*. ¶ 14.

[82] Reply at Exhibit E Clinical Services Agreement.

[83] Undisputed Material Facts, *supra*, ¶¶ 2-4, 6.

**ORDER**

IT IS HEREBY ORDERED that ASLC's Motion for Summary Judgment[84] is GRANTED. The Johnstons' claims against ASLC[85] are DISMISSED with prejudice. As the prevailing party on the Johnstons' ADA claims, ASLC is entitled to an award of its reasonable attorneys' fees incurred in defending against these claims. The amount of ASLC's award shall be determined by subsequent motion. And in such motion, ASLC must apportion its attorneys' fees among the Johnstons' ADA claims and the Johnstons' other claims.

Signed August 13, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[84] Docket no. 54, filed Mar. 26, 2019.

[85] Complaint ¶¶ 49-107.