IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZACH JOHNSTON; BARBIE JOHNSTON; and ROES I-X,<br><br>Plaintiffs,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE; INTERMOUNTAIN NORTH OGDEN CLINIC; MCKAY DEE HOSPITAL; ASL COMMUNICATIONS; INSYNC INTERPRETERS; and ROES I-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PARTIAL FINAL JUDGMENT**<br><br>Case No. 1:18-cv-00003-DN-DBP<br><br>District Judge David Nuffer |

Plaintiffs' counsel, Jared Allebest, seeks certification of United States Magistrate Judge Dustin B. Pead's June 28, 2019 order awarding Defendants attorneys' fees against Mr. Allebest as a final judgment under FED. R. CIV. P. 54(b).[1] Because motions seeking additional sanctions against Mr. Allebest remain pending and trial is soon approaching, there is just reason to delay entry of final judgment. Therefore, Mr. Allebest's Motion[2] is DENIED.

## BACKGROUND

This case involves claims arising from multiple hospital visits at which Plaintiffs allegedly requested, but were denied or refused accommodation for their hearing-impaired status.[3] On May 16, 2018, the case was referred to United States Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(A) for determination of all non-dispositive pretrial matters.

---

[1] Plaintiff's Motion for Partial Final Judgment ("Motion"), docket no. 78, filed July 31, 2019.

[2] *Id*.

[3] Second Amended Complaint ("Complaint") ¶¶ 21-107, docket no. 51, filed Nov. 28, 2018.

The governing scheduling order set a May 17, 2019 deadline for Plaintiffs to disclose their expert reports.[4] Four days after that deadline passed, on May 21, 2019, Plaintiffs filed a motion seeking extension of time for their expert reports.[5] Defendants opposed the motion.[6] On June 7, 2019, Judge Pead granted the motion, but directed Defendants to submit affidavits regarding the attorneys' fees they incurred in connection with the motion.[7] No party objected to Judge Pead's order.

Defendants submitted their respective attorneys' fees affidavits on June 11 and 13, 2019.[8] Plaintiff did not file an objection or otherwise respond to the attorneys' fees affidavits. And on June 28, 2019, Judge Pead entered an order awarding Defendants attorneys' fees against Plaintiffs' counsel, Mr. Allebest.[9] The order directed Mr. Allebest to pay Defendants within 20 days (by July 18, 2019).[10] Neither Plaintiffs nor Mr. Allebest objected to Judge Pead's order. Instead, on July 19, 2019, Plaintiffs appealed the order to the Tenth Circuit Court of Appeals.[11]

Subsequently, on July 25 and 29, 2019, Defendants filed motions seeking additional sanctions against Plaintiffs and Mr. Allebest for their failure to comply with court orders, including Judge Pead's June 28, 2019 order that Mr. Allebest pay the awarded attorneys' fees to

---

[4] Stipulated Amended Scheduling Order, docket no. 50, filed Nov. 27, 2018.

[5] Motion for an Extension of Expert Witness Reports, docket no. 60, filed May 21, 2019.

[6] Opposition to Plaintiffs' Motion for an Extension of Expert Witness Reports, docket no. 61, filed May 22, 2019; Supplemental Opposition to Plaintiffs' Motion for an Extension of Expert Witness Reports, docket no. 62, filed May 28, 2019; ASL Communications' Opposition to Plaintiffs' Motion for an Extension of Expert Witness Reports, docket no. 63, filed May 30, 2019.

[7] Ruling & Order, docket no. 66, filed June 7, 2019.

[8] Fee Affidavit of David C. Castleberry, docket no. 67, filed June 11, 2019; ASL Communications' Affidavit of Attorneys Fees, docket no. 69, filed June 13, 2019.

[9] Ruling & Order, docket no. 71, filed June 28, 2019.

[10] *Id*. at 2.

[11] Notice of Appeal, docket no. 72, filed July 19, 2019.

Defendants by July 18, 2019.[12] Mr. Allebest then filed a Motion seeking certification of Judge Pead's June 28, 2019 order awarding Defendants attorneys' fees against him as a final judgement under FED. R. CIV. P. 54(b).[13] Defendants' motions for additional sanctions remain pending, and trial is set to begin on January 21, 2020.[14]

## DISCUSSION

"Rule 54(b) allows a district court to 'direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.'"[15] This certification requires two explicit determinations: "First, the district court must determine the judgment is final. Second, it must determine there is no just reason for delay of entry of its judgment."[16] Factors to consider in making these determinations include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[17]

There is no question regarding the finality of Judge Pead's June 28, 2019 order awarding Defendants attorneys' fees against Mr. Allebest. "Under [28 U.S.C.] § 636(b)(1)(A), a magistrate judge may not issue a final order directly appealable to the court of appeals."[18] "Properly filed objections resolved by the district court are a prerequisite to [appellate] review of a magistrate

---

[12] Motion for Sanctions, docket no. 75, filed July 25, 2019; ASL Communications' Motion for Sanctions, docket no. 76, filed July 29, 2019.

[13] Motion, docket no. 78, filed July 31, 2019.

[14] Stipulated Amended Scheduling Order, docket no. 50, filed Nov. 27, 2018.

[15] *New Mexico ex rel. State Engineer v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016) (quoting FED. R. CIV. P. 54(b)).

[16] *Id*. (internal citations omitted).

[17] *Id*. (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

[18] *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1269 (10th Cir. 2010) (internal quotations omitted).

judge's order under § 636(b)(1)(A)."[19] And "[a] party may not assign as error a defect in a [magistrate judge's] order not timely objected to."[20] Therefore, because neither Plaintiffs nor Mr. Allebest timely objected to Judge Pead's June 28, 2019 order, they waived assignment of error to the order. The order is final.

Nevertheless, there is just reason to delay certification of Judge Pead's June 28, 2019 order as a final judgment. Defendants have filed motions seeking additional sanctions against Mr. Allebest, which allege that Mr. Allebest failed to comply with Judge Pead's June 28, 2019 order.[21] Because these motions remain pending, certification of Judge Pead's June 28, 2019 order at this time could give rise to multiple appeals involving the same parties and issues. Additionally, trial is set to begin approximately five months from now on January 21, 2020.[22] With trial so soon approaching, it makes little sense to permit piecemeal appeals of the case by certifying an order as final. Therefore, there is just reason to delay certification of Judge Pead's June 28, 2019 order as a final judgment.

**ORDER**

IT IS HEREBY ORDER that Mr. Allebest's Motion[23] is DENIED.

Signed August 26, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[19] *Id.* (internal quotations omitted).

[20] FED. R. CIV. P. 72(a).

[21] Motion for Sanctions, docket no. 75, filed July 25, 2019; ASL Communications' Motion for Sanctions, docket no. 76, filed July 29, 2019.

[22] Stipulated Amended Scheduling Order, docket no. 50, filed Nov. 27, 2018.

[23] Docket no. 78, filed July 31, 2019.