# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZACH JOHNSTON; BARBIE JOHNSTON; and ROES I-X,<br><br>                    Plaintiffs,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE; INTERMOUNTAIN NORTH OGDEN CLINIC; MCKAY-DEE HOSPITAL; ASL COMMUNICATIONS; and ROES I-X,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES**<br><br><br>Case No. 1:18-cv-0003-DN-DBP<br><br>District Judge David Nuffer |

Defendant ASL Communications ("ASLC") is entitled to an award of its reasonable attorneys' fees incurred in defending against Plaintiffs' claims under the Americans with Disabilities Act ("ADA").[1] ASLC seeks an award of $44,330.00 in attorneys' fees.[2] Plaintiffs responded to ASLC's Motion for Attorneys' Fees,[3] but did not challenge the reasonableness of the requested fees.

Because the amount of attorneys' fees requested by ASLC is reasonable, ASLC's Motion for Attorneys' Fees[4] is GRANTED IN PART. The amount of ASLC's fee award is reduced to $43,005.00 because $1,325.00 of ASLC's requested fees have already been awarded to ASLC against Plaintiffs' counsel.

---

[1] Memorandum Decision and Order Granting Motion for Summary Judgment ("Summary Judgment Order") at 12-14, docket no. 82, filed Aug. 13, 2019.

[2] ASL Communication's Motion for Attorneys' Fees ("Motion for Attorneys' Fees"), docket no. 91, filed Aug. 26, 2019.

[3] Memorandum in Opposition to Motion for Attorney Fees ("Response"), docket no. 95, filed Sept. 11, 2019.

[4] Docket no. 91, filed Aug. 26, 2019.

**DISCUSSION**

Plaintiffs' claims against ASLC were dismissed with prejudice on summary judgment.[5] The Summary Judgment Order determined that ASLC is entitled to an award of its reasonable attorneys' fees incurred in defending against Plaintiffs' ADA claims.[6]

To determine a reasonable attorneys' fee, a "lodestar" figure is arrived at "by multiplying the hours . . . counsel reasonably spent on the litigation by a reasonable hourly rate."[7] Factors for determining the reasonableness of the hours billed for a given task or to prosecute the litigation as a whole include: the complexity of the case; the number of reasonable strategies pursued; the responses necessitated by the maneuvering of the other side; and the potential duplication of services.[8]

ASLC requests an award of $44,330.00 in attorneys' fees as the prevailing party on Plaintiffs' ADA claims.[9] ASLC supports its request with an affidavit of counsel, which identifies counsels' experience and hourly billing rates, and an itemization of the work performed and the time spent in performing the work.[10] In reaching its requested amount, ASLC apportioned fees solely incurred in defense of Plaintiffs' ADA claims from fees incurred in defending against Plaintiffs' non-ADA claims.[11] In instances where ASLC's fees were attributable to both ADA

---

[5] Summary Judgment Order at 14.

[6] *Id*. at 12-14.

[7] *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal quotations omitted).

[8] *Id*. at 1250.

[9] Motion for Attorneys' Fees at 2.

[10] Smith & Shapiro's Affidavit of Attorneys' Fees ("Counsel's Affidavit"), attached as Ex. A to Motion for Attorneys' Fees at 11-63.

[11] Motion for Attorneys' Fees at 5-6; Counsel's Affidavit ¶¶ 12-13 at 3-5.

and non-ADA claims, ASLC allocated 85% of the time to ADA claims and 15% of the time to non-ADA claims.[12] ASLC's basis for this allocation was that:

> (i) four of Plaintiffs' seven claims against ASLC were ADA claims;
>
> (ii) the factual basis for all seven claims was nearly identical;
>
> (iii) the vast majority of the combined work undertaken on ADA and non-ADA claims was necessary to defend against the ADA claims; and
>
> (iv) the number of hours spent by counsel was increased by Plaintiffs and/or their counsel's dilatory conduct.[13]

ASLC's requested fees also include $1,325.00 for 5.60 hours of attorney time billed in connection with Plaintiffs' motion for extension of time for expert reports, which was previously ordered to be paid by Plaintiffs' counsel, Jared Allebest, but has not yet been paid.[14]

Plaintiffs have not challenged ASLC's rationale in allocating time among ADA and non-ADA claims, nor the reasonableness of ASLC's requested fees. After careful review of ASLC's Motion for Attorneys' Fees and Counsel's Affidavit, and consideration of the complexity of the case, the work performed and the record, under the appropriate legal standards, ASLC's requested attorneys' fees in the amount of $44,330.00 is reasonable. However, it is appropriate this amount be reduced by $1,325.00 given the prior award of fees to ASLC against Plaintiffs' counsel.[15] Therefore, ASLC is entitled to an award of $43,005.00 in attorneys' fees for defending against Plaintiffs' ADA claims.

---

[12] Motion for Attorneys' Fees at 5-6; Counsel's Affidavit ¶¶ 12-13 at 3-5. The lone exception to this allocation was for time spent working on ASLC's motion for summary judgment, which ASLC allocated 80% of the time to ADA claims and 20% of the time to non-ADA claims. Motion for Attorneys' Fees at 5-6; Counsel's Affidavit ¶¶ 12-13 at 3-5.

[13] Motion for Attorneys' Fees at 6-7; Counsel's Affidavit ¶ 10 at 2, ¶ 12 at 3.

[14] Counsel's Affidavit ¶ 10 at 2; Ruling & Order, docket no. 71, filed June 28, 2019.

[15] Ruling & Order.

Plaintiffs argue that ruling on ASCL's Motion for Attorneys' Fees is premature because they filed (on the same day as their Response) a motion seeking certification of the Summary Judgment Order as a final judgment under FED. R. CIV. P. 54(b).[16] This argument lacks merit. Given the timing and briefing schedules of ASLC's Motion for Attorneys' Fees and Plaintiffs' Rule 54(b) Motion, there is no legitimate reason for the judgment dismissing Plaintiffs' claims against ASLC to not also include ASLC's award of attorneys' fees. The attorneys' fees award creates finality of all issues in this case for these parties.

Plaintiffs also baldly asserted that they and their counsel lack the ability to pay the attorneys' fees award, and Plaintiffs argue that payment should be postponed until the conclusion of this action as to all parties.[17] The argument also lacks merit. Plaintiffs provide no support for their assertion nor citation to legal authority for their argument. And Plaintiffs do not argue that ASLC's fee award should be reduced based on their inability to pay. Rather, what Plaintiffs seek is a stay of ASLC's enforcement of a judgment, which is appropriately the subject of a separate motion after judgment is entered.[18] Therefore, ASLC's Motion for Attorneys' Fees[19] is GRANTED IN PART. ASLC is awarded $43,005.00 in attorneys' fees for defending against Plaintiffs' ADA claims.

---

[16] Response at 2-3; Plaintiffs' Motion for Partial Final Judgment ("Rule 54(b) Motion"), docket no. 96, filed Sept. 11, 2019.

[17] Response at 4-5.

[18] FED R. CIV. P. 62; FED. R. APP. P. 8.

[19] Docket no. 91, filed Aug. 26, 2019.

**ORDER**

IT IS HEREBY ORDERED that ASLC's Motion for Attorneys' Fees[20] is GRANTED IN PART. ASLC is awarded $43,005.00 in attorneys' fees for defending against Plaintiffs' ADA claims.

Signed November 20, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[20] Docket no. 91, filed Aug. 26, 2019.