IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZACH JOHNSTON; BARBIE JOHNSTON; and ROES I-X, <br><br> Plaintiffs, <br><br> v. <br><br> INTERMOUNTAIN HEALTHCARE; INTERMOUNTAIN NORTH OGDEN CLINIC; MCKAY-DEE HOSPITAL; ASL COMMUNICATIONS; and ROES I-X, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** <br><br><br> Case No. 1:18-cv-0003-DN-DBP <br><br> District Judge David Nuffer |

Plaintiffs Zach and Barbie Johnston assert several claims against Defendants Intermountain Healthcare, Intermountain North Ogden Clinic, and McKay-Dee Hospital (collectively "Intermountain") arising from multiple hospital visits at which the Johnstons allegedly requested, but were denied or refused accommodation for their hearing-impaired status.[1] Intermountain seeks summary judgment on the Johnstons' claims arguing:

    (i) the Johnstons' claims based on events prior to March 22, 2017, are barred because the Johnstons did not disclose the claims in their prior bankruptcy proceedings;[2]

    (ii) the Johnstons' claims based on alleged conduct occurring before January 5, 2016, are time barred;[3]

---

[1] Second Amended Complaint, docket no. 51, filed Nov. 28, 2018. The Johnstons' Second Amended Complaint identifies Intermountain Healthcare, Intermountain North Ogden Clinic, and McKay-Dee Hospital as defendants. *Id*. However, the correct name is IHC Health Services, Inc., of which the named entities are dbas.

[2] Intermountain's Motion for Summary Judgment at 21-24, docket no. 100, filed Sept. 12, 2019.

[3] *Id*. at 24-25.

(iii) the Johnstons' claims fail because the undisputed evidence demonstrates that Intermountain provided the Johnstons with effective communication;[4]

(iv) the Johnstons' claims seeking monetary damages fail because there is no evidence that Intermountain acted willfully or that the Johnstons suffered damages;[5]

(v) the Johnstons' professional negligence claim is barred because the Johnstons failed to provide the required notice and participate in pre-litigation procedures;[6]

(vi) the Johnstons' claim for injunctive relief is moot;[7] and

(vii) the Johnstons lack standing to seek injunctive relief.[8]

The Johnstons' response to Intermountain's Motion for Summary Judgment was due October 10, 2019.[9] The Johnstons failed to timely file a response. And to date, the Johnstons have not filed a response nor sought an extension of time to respond.

Pursuant to local rule, "[f]ailure to respond timely to a motion for summary judgment may result in the court's granting the motion without further notice, provided the moving party has established that it is entitled to judgment as a matter of law."[10]

Intermountain's Motion for Summary Judgment sets forth 80 undisputed material facts, which cite to record evidence.[11] These undisputed material facts support Intermountain's arguments and demonstrate that Intermountain is entitlement to judgment on the Johnstons' claims as a matter of law.

---

[4] *Id*. at 26-28.

[5] *Id*. at 29-35.

[6] *Id*. at 35-37.

[7] *Id*. at 37-39.

[8] *Id*. at 39-40.

[9] DUCivR 7-1(b)(3)(A).

[10] DUCivR 56-1(f).

[11] Motion for Summary Judgment at 4-21.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Intermountain's Motion for Summary Judgment[12] is GRANTED. The Johnstons' claims against Intermountain[13] are DISMISSED with prejudice.

The Clerk is directed to close the case.

Signed November 20, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[12] Docket no. 100, filed Sept. 12, 2019.

[13] Second Amended Complaint ¶¶ 49-107.