IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZACH JOHNSTON; BARBIE JOHNSTON; and ROES I-X,<br><br>Plaintiffs,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE; INTERMOUNTAIN NORTH OGDEN CLINIC; MCKAY-DEE HOSPITAL; ASL COMMUNICATIONS; and ROES I-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br>**(1) ADOPTING MAGISTRATE JUDGE'S RULING & ORDER,**<br>**(2) FINDING AS MOOT MOTION TO STAY,**<br>**AND**<br>**(3) AWARDING FEES AND COSTS TO DEFENDANTS AGAINST PLAINTIFFS' COUNSEL**<br><br>Case No. 1:18-cv-0003-DN-DBP<br><br>District Judge David Nuffer |

On September 11, 2019, United States Magistrate Judge Dustin B. Pead entered an order directing Plaintiffs' counsel, Jared Allebest, to pay overdue attorneys' fees awards to Defendants Intermountain[1] and ASL Communication's ("ASLC") by September 21, 2019.[2] The September 11th Order also imposed additional monetary sanctions against Mr. Allebest for his failure to comply with the June 28th Order[3] that awarded attorneys' fees to Intermountain and ASLC.[4]

Plaintiffs objected to portions of Judge Pead's September 11th Order, and seek a stay of the September 11th Order pending the conclusion of this litigation.[5] However, Plaintiffs'

---

[1] "Intermountain" refers to Defendants Intermountain Healthcare, Intermountain North Ogden Clinic, and McKay-Dee Hospital. Plaintiffs' Second Amended Complaint identifies these entities as defendants. Second Amended Complaint, docket no. 51, filed Nov. 28, 2018. However, the correct name is IHC Health Services, Inc., of which the named entities are dbas.

[2] Ruling & Order ("September 11th Order") at 6, docket no. 98, filed Sept. 11, 2019.

[3] Ruling & Order ("June 28th Order"), docket no. 71, filed June 28, 2019.

[4] September 11th Order at 6.

[5] Motion to Stay Magistrate's Order for Attorney Fees ("Motion to Stay"), docket no. 110, filed Sept. 20, 2019.

arguments are untimely, lack merit, and are, otherwise, moot. Judge Pead's analysis and conclusions in the September 11th Order are not clearly erroneous or contrary to law.[6] Therefore, Plaintiffs' objections to the September 11th Order[7] are OVERRULED. The September 11th Order[8] is ADOPTED in its entirety. Plaintiffs' Motion to Stay[9] is MOOT. And Intermountain and ASLC are awarded the attorneys' fees and costs requested in their Second Fee Affidavits.[10]

**Contents**

BACKGROUND ........................................................................................................................ 2
DISCUSSION ............................................................................................................................ 6
    Plaintiffs' arguments regarding the propriety of the June 7th Order and June 28th Order are untimely and have been waived ................................................................................. 6
    Judge Pead's analysis and conclusions in the September 11th Order are not clearly erroneous or contrary to law .................................................................................... 7
    Plaintiffs' request for a stay of the September 11th Order pending the conclusion of this litigation is moot ............................................................................................... 11
    Intermountain and ASLC are awarded the attorneys' fees and costs requested in their Second Fee Affidavits, and the fee awards will be entered as a judgment against Mr. Allebest .......................................................................................................... 11
ORDER ................................................................................................................................... 14

**BACKGROUND**

On June 7, 2019, Judge Pead entered an order requiring Mr. Allebest to pay Intermountain and ASLC's attorneys' fees incurred in connection with Plaintiffs' motion for an extension of time to submit expert reports.[11] In the June 7th Order, Judge Pead found that Mr.

---

[6] 28 U.S.C. § 636(a); FED. R. CIV. P. 72(a).

[7] Motion to Stay at 5-15.

[8] Docket no. 98, filed Sept. 11, 2019.

[9] Docket no. 110, filed Sept. 20, 2019.

[10] Second Fee Affidavit of David C. Castleberry ("Intermountain's Second Fee Affidavit"), docket no. 99, filed Sept. 12, 2019; ASL Communications' Second Affidavit of Attorneys Fees ("ASLC's Second Fee Affidavit"), docket no. 106, filed Sept. 16, 2019 (collectively, "Second Fee Affidavits").

[11] Ruling & Order ("June 7th Order") at 4, docket no. 66, filed June 7, 2019.

Allebest "ha[d] not provided any additional reports, refused to extend the courtesy of an extension to opposing counsel, declined to provide specific details surrounding [Plaintiffs'] expert's delays and failed to request an extension prior to the cut-off date."[12] The June 7th Order directed Intermountain and ASLC to submit affidavits supporting their fees by June 17, 2019.[13] Neither Plaintiffs nor Mr. Allebest timely objected to the June 7th Order.

On June 28, 2019, following the submission of Intermountain and ASLC's fee affidavits,[14] Judge Pead entered an order awarding fees against Mr. Allebest in the amount of $3,184.00 for Intermountain, and $1,325.00 for ASLC.[15] The June 28th Order directed Mr. Allebest to pay the fee awards by July 18, 2019.[16] Neither Plaintiffs nor Mr. Allebest sought an extension of time or to stay enforcement of the fee awards prior to the deadline, or timely objected to the June 28th Order.

Mr. Allebest did not pay the fee awards by the July 18, 2019 deadline. Rather, on July 19, 2019, Plaintiffs filed a Notice of Appeal regarding the June 28th Order.[17] That same day, Mr. Allebest corresponded with opposing counsel and took the position that Intermountain and ASLC were "prematurely hounding [him] regarding [their] attorney fees when the deadline for appeals ha[d] not yet passed."[18] Mr. Allebest stated:

> I have been busy on other matters and was out of town for legal work and have not been able to respond to emails.

---

[12] *Id.*

[13] *Id.*

[14] Fee Affidavit of David C. Castleberry, docket no. 67, filed June 11, 2019; ASL Communications' Affidavit of Attorneys Fees, docket no. 69, filed June 13, 2019.

[15] June 28th Order at 2.

[16] *Id.*

[17] Notice of Appeal, docket no. 72, filed July 19, 2019.

[18] ASL Communications' Opposition to Plaintiffs' Motion to Stay Magistrate's Order for Attorney Fees at Ex. A ("July 18-19, 2019 Email Chain"), docket no. 113, filed Oct. 4, 2019.

3

> I am open to talking to you . . . but quite frankly, I think it would be prudent to wait until the trial is over before you ask to collect [attorneys' fees]. I am confident [Plaintiffs] will prevail on this matter and the Defendants will be paying my client's fees plus other costs and damages.
>
> If I were you, I would hold off on this issue until it is fully resolved at trial. Pressuring me into paying you right now is not going to work because I am confident we will prevail in this matter.[19]

Thereafter, Intermountain and ASLC filed motions for sanctions.[20] Plaintiffs responded.[21] And on September 11, 2019, Judge Pead entered an order granting the motions.[22] In the September 11th Order, Judge Pead found that Mr. Allebest's unilateral decision to not comply with the June 28th Order was deliberate, willful, and in bad faith.[23] Judge Pead also found that Mr. Allebest's conduct was abusive of the judicial process and caused Intermountain and ASLC to engage in unnecessary motion practice and incur additional and unnecessary expenses.[24] Judge Pead concluded that Plaintiffs' appeal did not impact Mr. Allebest's compliance with the June 28th Order,[25] and that Mr. Allebest was not substantially justified in failing to comply with the June 28th Order.[26]

Judge Pead declined to enter additional sanctions that would directly impact the merits of the case.[27] Instead, the September 11th Order directed Mr. Allebest to pay the overdue fees award

---

[19] *Id*.

[20] Motion for Sanctions, docket no. 75, filed July 25, 2019; ASL Communications' Motion for Sanctions, docket no. 76, filed July 29, 2019.

[21] Memorandum in Opposition to Defendant's Motion for Sanctions ("Response to Sanctions Motions"), docket no. 77, filed July 31, 2019.

[22] September 11th Order.

[23] *Id*. at 5.

[24] *Id*.

[25] *Id*. at 3-4.

[26] *Id*. at 5.

[27] *Id*. at 6.

by September 21, 2019.[28] Judge Pead also ordered Mr. Allebest to pay Intermountain and ASLC's attorneys' fees incurred in attempting to secure compliance with the June 28th Order, and Intermountain's fees and costs incurred in connection with the depositions of Plaintiffs' expert.[29] The September 11th Order directed Intermountain and ASLC to file affidavits in support of their fees.[30] Judge Pead also warned Plaintiffs that additional sanctions, including possible terminating sanctions, would enter for further willful failures to comply with court orders.[31]

On September 12 and 16, 2019, Intermountain and ASLC filed their Second Fee Affidavits.[32] Intermountain requested $22,599.12 in attorneys' fees and costs.[33] ASLC requested $1,470 in attorneys' fees.[34]

On September 20, 2019, the day before Mr. Allebest was ordered to pay the overdue fee awards, Plaintiffs filed a Motion to Stay.[35] The Motion to Stay is not expressly set forth as an objection to the September 11th Order. However, it includes many of the same arguments raised in response to Intermountain and ASLC's motions for sanctions,[36] and assigns error to the September 11th Order (as well as the June 7th Order and June 28th Order).[37] Plaintiffs also argued

---

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] Intermountain's Second Fee Affidavit; ASLC's Second Fee Affidavit.

[33] Intermountain's Second Fee Affidavit ¶ 12 at 4. Intermountain's request does not include fees owed to Plaintiffs' experts for their time associated with the depositions. *Id.*

[34] ASLC's Second Fee Affidavit ¶ 8 at 2.

[35] Docket no. 110, filed Sept. 20, 2019.

[36] *Id.* at 5-15; Response to Sanctions Motions at 5-9.

[37] Motion to Stay at 5-15.

5

that equity demands the payment of attorneys' fees be stayed pending the conclusion of this litigation.[38]

Plaintiffs Motion to Stay does not address the reasonableness of Intermountain and ASLC's Second Fee Affidavits, other than unsupported and conclusory assertions that Plaintiffs and Mr. Allebest lack the ability to pay.[39] And neither Plaintiffs nor Mr. Allebest timely filed a separate brief expressly objecting to the September 11th Order, or challenging the reasonableness of Intermountain and ASLC's Second Fee Affidavits. Plaintiffs' Motion to Stay is construed as both an objection to the September 11th Order and a motion to stay the September 11th Order.

## DISCUSSION

### Plaintiffs' arguments regarding the propriety of the June 7th Order and June 28th Order are untimely and have been waived

As an initial matter, in a continuing effort to revive and rehash untimely arguments, Plaintiffs' Motion to Stay asserts facts and raises arguments regarding the propriety of the June 7th Order and the June 28th Order.[40] These arguments include: that fee awards should not have been entered because the delays in expert discovery were beyond Mr. Allebest's control; that Judge Pead failed to analyze whether Intermountain and ASLC suffered prejudice; that the fee awards were ordered to be paid in an inequitable, unreasonable, and unjust time frame; and that Plaintiffs and Mr. Allebest lack the ability to pay the fee awards.[41]

---

[38] *Id*. at 11-15.

[39] *Id*. at 13-14; Affidavit in Support of Motion to Stay Magistrate's Order for Attorney Fees ("Mr. Allebest's Affidavit") ¶¶ 6-8, docket no. 110-1, filed Sept. 20, 2019.

[40] *Id*. at 5-15.

[41] *Id*.

It has already been determined that Plaintiffs and Mr. Allebest waived assignment of error to the June 7th Order and June 28th Order by failing to timely object.[42] This determination will not be reconsidered. This attempt to re-raise facts and arguments that have been rejected is one of many examples of Plaintiffs and Mr. Allebest's disregard of procedural rules and court orders in this case as a whole. Plaintiffs' arguments regarding the propriety of the June 7th Order and June 28th Order are untimely and have been waived.[43]

### Judge Pead's analysis and conclusions in the September 11th Order are not clearly erroneous or contrary to law

Judge Pead's September 11th Order involved the straightforward issue of Mr. Allebest's failure to comply with the June 28th Order's directive that he pay Intermountain and ASLC's fee awards by July 18, 2019.[44] There was no dispute that Mr. Allebest did not comply with the June 28th Order.[45] The only questions were whether Mr. Allebest's conduct was substantially justified and, if not, the appropriate sanction.[46]

Plaintiffs raise several objections to Judge Pead's analysis and conclusions in September 11th Order, including:

- Mr. Allebest complied with the June 7th Order's directives regarding expert discovery;
- Mr. Allebest's noncompliance was not deliberate, willful, or in bad faith;
- Mr. Allebest's noncompliance was substantially justified;
- the September 11th Order fails to address prejudice to the parties, and Intermountain and ASLC have not suffered prejudice;

---

[42] Memorandum Decision and Order Denying Motion for Partial Final Judgment 3-4, docket no. 88, filed Aug. 26, 2019; September 11th Order at 4.

[43] FED. R. CIV. P. 72(a).

[44] September 11th Order at 2-5.

[45] *Id*. at 5.

[46] FED. R. CIV. P. 37(b)(2)(C).

7

- the fee awards were ordered to be paid in an inequitable, unreasonable, and unjust time frame; and
- trial will reveal that Plaintiffs' claims have merit, and Plaintiffs should not run the risk of terminating sanctions if Mr. Allebest fails to timely pay the fee awards.[47]

Review has been completed of those portions of the September 11th Order to which Plaintiffs' assign error, including the record that was before Judge Pead and the reasoning set forth in the September 11th Order.[48] The September 11th Order includes findings supporting the conclusion that Mr. Allebest's conduct was not substantially justified.[49] As just sanctions, the September 11th Order directed Mr. Allebest to pay: (i) the overdue fee awards by September 21, 2019; (ii) Intermountain and ASLC's attorneys' fees incurred in attempting to secure compliance with the June 28th Order; and (iii) Intermountain's fees and costs incurred in connection with the depositions of Plaintiffs' expert.[50] Plaintiffs were also warned that additional sanctions would enter for further willful failures to comply with court orders.[51] Judge Pead's analysis and conclusions in the September 11th Order are not clearly erroneous or contrary to law.[52]

Mr. Allebest's compliance with the June 7th Order's directives regarding expert discovery are irrelevant to his compliance with the June 28th Order. Compliance with some court orders does not excuse or justify a failure to comply with other court orders.

---

[47] Motion to Stay at 5-15.

[48] 28 U.S.C. § 636(a); FED. R. CIV. P. 72(a).

[49] September 11th Order at 3-5.

[50] *Id*. at 6.

[51] *Id*.

[52] 28 U.S.C. § 636(a); FED. R. CIV. P. 72(a). Plaintiffs and Mr. Allebest have waived assignment of error to any portion of the September 11th Order that was not specifically objected to in Plaintiffs' Motion to Stay. FED. R. CIV. P. 72(a).

The record also shows that despite the clear directive for Mr. Allebest pay the fee awards by July 18, 2019,[53] Mr. Allebest unjustifiably refused to comply. After the deadline had passed, Mr. Allebest expressed to opposing counsel that they were prematurely seeking payment of the fee awards because he believed Judge Pead erred in awarding fees; he had filed an appeal; and he was confident Plaintiffs would prevail at trial.[54] But neither Plaintiffs nor Mr. Allebest timely acted to challenge the fee awards. They did not seek an extension of time or a stay of enforcement regarding the fee awards prior to the deadline for Mr. Allebest to pay the fee awards, or pending their appeal. They did not file an appeal until *after* the deadline to pay the fee awards had passed.[55] And they did not timely object to either the June 7th Order or June 28th Order. Moreover, Mr. Allebest's beliefs regarding the merits of Plaintiffs' claims are irrelevant to the fee awards entered as sanctions against him personally.

This record demonstrates that Mr. Allebest unilaterally chose to disregard the June 28th Order without legal justification.[56] Mr. Allebest's noncompliance was not substantially justified. It was deliberate, willful, and in bad faith. Additionally, Mr. Allebest's conduct necessitated the filing of Intermountain and ASLC's motions for sanctions to secure compliance with the June 28th Order. This prejudiced Intermountain and ASLC by causing them to incur additional and unnecessary expenses.[57] Therefore,

---

[53] June 28th Order at 2.

[54] July 18-19, 2019 Email Chain.

[55] Notice of Appeal.

[56] "[A]ttorneys and parties [must] be fully aware that they must bear the burden of sanctions to the conclusion of the case and appeal on the merits of the fully adjudicated case." *Howard v. Mail-Well Envelope Co.*, 90 F.3d 433, 437 (10th Cir. 1996) (quoting *D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1446 (10th Cir. 1984) (en banc)).

[57] Second Fee Affidavits.

entry of additional monetary sanctions against Mr. Allebest (rather than Plaintiffs) proportionate to the expenses his abusive conduct caused was warranted and just.[58] It was also proper to warn Plaintiffs and Mr. Allebest that further willful violations of court orders would lead to additional sanctions.

Regarding the overdue fee awards, other than Mr. Allebest's unsupported and conclusory assertions,[59] Plaintiffs have presented no evidence that the fee awards were ordered to be paid in an inequitable, unreasonable, and unjust time frame. Mr. Allebest was initially given 20 days to pay the fee awards.[60] By failing to comply with the June 28th Order, Mr. Allebest effectively obtained an additional 65 days to pay the fee awards by the September 21, 2019 deadline.[61] Eighty-five days is not an inequitable, unreasonable, and unjust time frame for Mr. Allebest to have paid the fee awards. And regardless, the filing of Plaintiffs' Motion to Stay has, in effect, given Mr. Allebest two months of additional time beyond the September 21, 2019 deadline.

Because Judge Pead's analysis and conclusions in the September 11th Order are not clearly erroneous or contrary to law,[62] Plaintiffs' objections to the September 11th Order[63] are OVERRULED. Therefore, the September 11th Order[64] is ADOPTED in its entirety.

---

[58] FED. R. CIV. P. 37(b)(2)(C).

[59] Mr. Allebest's Affidavit ¶¶ 6-8.

[60] June 28th Order at 2.

[61] September 11th Order at 6.

[62] 28 U.S.C. § 636(a); FED. R. CIV. P. 72(a). Plaintiffs and Mr. Allebest have waived assignment of error to any portion of the September 11th Order that was not specifically objected to in Plaintiffs' Motion to Stay. FED. R. CIV. P. 72(a).

[63] Motion to Stay at 5-15.

[64] Docket no. 98, filed Sept. 11, 2019.

### Plaintiffs' request for a stay of the September 11th Order pending the conclusion of this litigation is moot

Plaintiffs argue that equity demands the payment of attorneys' fees be stayed pending the conclusion of this litigation.[65] This argument is MOOT. Summary judgment has entered in favor of Intermountain on Plaintiffs' claims.[66] All claims as to all parties have now been resolved, and a final judgment shall enter forthwith.

### Intermountain and ASLC are awarded the attorneys' fees and costs requested in their Second Fee Affidavits, and the fee awards will be entered as a judgment against Mr. Allebest

The only remaining issues are Mr. Allebest's payment of the overdue fee awards, and determination of the amount of the additional monetary sanctions entered against Mr. Allebest in the September 11th Order.

The overdue fee awards are in the amount of $3,184.00 for Intermountain, and $1,325.00 for ASLC.[67] Mr. Allebest has had nearly five months to pay the fee awards since entry of the June 28th Order. It is appropriate that the overdue fee awards now be entered as a judgment against Mr. Allebest.

On September 12 and 16, 2019, Intermountain and ASLC filed their Second Fee Affidavits in support of the additional monetary sanctions entered against Mr. Allebest in the September 11th Order.[68] To date (over two months later), neither Plaintiffs nor Mr. Allebest have responded to the reasonableness of the attorneys' fees and costs requested in the Second Fee

---

[65] Motion to Stay at 11-15.

[66] Memorandum Decision and Order Granting Motion for Summary Judgment, docket no. 126, filed Nov. 20, 2019.

[67] June 28th Order at 2.

[68] Intermountain's Second Fee Affidavit; ASLC's Second Fee Affidavit.

Affidavits, except bald assertions that Plaintiffs and Mr. Allebest lack the ability to pay.[69] The time for further response has passed.

To determine a reasonable attorneys' fee, a "lodestar" figure is arrived at "by multiplying the hours . . . counsel reasonably spent on the litigation by a reasonable hourly rate."[70] Factors for determining the reasonableness of the hours billed for a given task or to prosecute the litigation as a whole include: the complexity of the case; the number of reasonable strategies pursued; the responses necessitated by the maneuvering of the other side; and the potential duplication of services.[71]

Intermountain requests $22,599.12 in attorneys' fees and costs incurred in attempting to secure compliance with the June 28th Order and in connection with the depositions of Plaintiffs' expert.[72] ASLC requests $1,470 in attorneys' fees incurred in attempting to secure compliance with the June 28th Order.[73] Intermountain and ASLC support their requests with affidavits of counsel, which identifies counsels' experience and hourly billing rates, and an itemization of the work performed and the time spent in performing the work.[74]

After careful review of Intermountain and ASLC's Second Fee Affidavits, and consideration of the complexity of the case, the work performed and the record, under the

---

[69] Motion to Stay at 13-14; Mr. Allebest's Affidavit ¶¶ 6-8.

[70] *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal quotations omitted).

[71] *Id*. at 1250.

[72] Intermountain's Second Fee Affidavit ¶ 12 at 4.

[73] ASLC's Second Fee Affidavit ¶ 8 at 2.

[74] Second Fee Affidavits.

appropriate legal standards, the requested attorneys' fees and costs in the amount of $22,599.12 for Intermountain,[75] and $1,470 for ASLC,[76] are reasonable.

Plaintiffs and Mr. Allebest's unsupported and conclusory assertions that they lack the ability to pay[77] are insufficient to justify reduction of the reasonable attorneys' fees and costs Intermountain and ASLC request. Therefore, Intermountain is awarded $22,599.12 in attorneys' fees and costs against Mr. Allebest, which represents the reasonable attorneys' fees and costs Intermountain incurred in attempting to secure compliance with the June 28th Order and in connection with the depositions of Plaintiffs' expert. ASLC is awarded $1,470 in attorneys' fees against Mr. Allebest, which represents the reasonable attorneys' fees ASLC incurred in attempting to secure compliance with the June 28th Order. These awards shall be entered as a judgment against Mr. Allebest.

---

[75] Intermountain's Second Fee Affidavit ¶ 12 at 4.

[76] ASLC's Second Fee Affidavit ¶ 8 at 2.

[77] Motion to Stay at 13-14; Mr. Allebest's Affidavit ¶¶ 6-8.

**ORDER**

IT IS HEREBY ORDERED that:

1. Plaintiffs' objections to the September 11th Order[78] are OVERRULED. The September 11th Order[79] is ADOPTED in its entirety.

2. Plaintiffs' Motion to Stay[80] is MOOT.

3. The overdue attorneys' fees awards[81] shall be entered as a judgment in favor of Intermountain and ASLC and against Mr. Allebest.

4. Intermountain is awarded $22,599.12 in attorneys' fees and costs against Mr. Allebest, which represents the reasonable attorneys' fees and costs Intermountain incurred in attempting to secure compliance with the June 28th Order and in connection with the depositions of Plaintiffs' expert. This award shall be entered as a judgment in favor of Intermountain and against Mr. Allebest.

5. ASLC is awarded $1,470 in attorneys' fees against Mr. Allebest, which represents the reasonable attorneys' fees ASLC incurred in attempting to secure compliance with the June 28th Order. This award shall be entered as a judgment in favor of ASLC and against Mr. Allebest.

Signed November 20, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[78] Motion to Stay at 5-15.

[79] Docket no. 98, filed Sept. 11, 2019.

[80] Docket no. 110, filed Sept. 20, 2019.

[81] June 28th Order at 2.